[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff appellant, Lucille Dente, is the owner of a certain property located at 214 Broadway in the City of Milford. The defendant, Joan Hallquist, owns the property immediately adjacent thereto and known as 216 Broadway. It is this property that is the subject matter of this dispute.
The defendant, Joan Hallquist, on May 28, 1993, applied for and received a certificate of zoning compliance and a building permit to repair a garage located on the property line between Dente and Hallquist which had been severely damages during a recent storm. It is acknowledged by all sides that the garage was a nonconforming use.
Subsequent to May 18, 1993, Hallquist commenced the repairs to said garage. On August 3, 1993, a cease and desist order was issued alleging the work being done was in violation of the zoning regulations. On August 27, 1993, the defendant Hallquist applied for and received the necessary permit to make repairs to said garage pursuant to § 6.2.5 of the Milford Zoning Regulations.
On August 30, 1993, the plaintiff Dente appealed the decisions of the zoning enforcement officer and the building inspector to the Board of Zoning Appeals. A hearing was held on September 14, 1993. The Board denied the plaintiff Dente's appeal. The plaintiff has now appealed to this court seeking relief from the decision of the Board of Zoning Appeals.
Under the terms of § 8.8 of the Connecticut General Statutes, the plaintiff, being an abutting owner, is an aggrieved party and therefore a proper party to this action. CT Page 7095
The defendant's application for zoning approval and for the issuance of a building permit were made pursuant to the provisions of § 6.2.5 of the Milford Zoning Regulations. As it pertains to this matter, the regulation reads in its pertinent part as follows:
 "Nothing in these regulations shall be deemed to prohibit:
 (1) . . . ordinary repairs and replacement of existing materials with similar material placed in similar manner, to an extent not exceeding 50 percent of the physical structure, excluding the foundation, as determined by the Zoning Enforcement Officer and/or the Building Inspector of the City of Milford. . . ."
The contention of the plaintiff and the basis for her appeal is that the permit as issued authorized the expansion of a nonconforming structure and violates the Milford Zoning Regulations. Section 6.2.1 of the Regulations states:
 ". . . no structure or part thereof devoted to a non-conforming use shall be enlarged, extended, constructed, reconstructed, or structurally altered, except in changing the use to one which is allowable in the Zoning District in which such use is located; . . . ."
Section 6.3.2 of these same regulations reads as follows:
 "Structures failing to meet any requirement of these Regulations other than use, . . . shall not be enlarged, extended, or altered, if the result would be an increase in non-conformity of such structure."
The plaintiff alleges that the defendant Board violated these regulations and that by doing so it acted illegally, arbitrarily and in abuse of its discretion.
In order for the restoration of a non-conforming use that has been substantially damaged, § 6.2.6 of the regulations provides in part as follows:
 "If any structure shall be destroyed by any means to an extent of more than 50 percent of the physical structure, CT Page 7096 excluding the foundation, as determined by the Zoning Enforcement Officer and/or the Building Inspector of the City of Milford, no repairs or reconstruction shall be made unless every portion of such structure and the use thereof is made to conform to all the regulations of the District, except as stated in section 6.3.3.
 Nothing in these regulations shall be deemed to prohibit the restoration of any structure and its use where such structure has been destroyed by any means out of the control of the owner to an extent of 50 percent or less of the physical structure provided that the restoration of such structure and its use shall in no way increase any former non-conformity, . . . ."
That the structure, i.e., the garage, was damaged by a means outside the control of the owner is beyond any doubt. The record discloses that the damage came about because of storm "Beth". The question remains as to whether the damage was in excess of 50 percent or whether the damage was 50 percent or less. The testimony before the Board indicates a difference of opinion in this regard. The plaintiff's expert indicated that the destruction exceeded 50 percent while the Zoning Enforcement Officer testified that, while it was a close call, he estimated the damage to be less than 50 percent. As previously noted, the ultimate determination as to the extent of the damage rests with either the Zoning Enforcement Officer or the Building Inspector, in this case, the Zoning Enforcement Officer. (See § 6.2.6, Milford Zoning Regulations, supra). There is no reason for the court to question this decision. In fact, various discrepancies were noted in the conclusion of the plaintiff's expert. The major discrepancy being the inclusion of the foundation, whereas § 6.2.6 excludes the foundation in computing the 50 percent.
The non-conformity of the structure involved relates only to setback. The ancillary use of the garage was to be the same as it was previous to the storm damage. As reconstructed, the garage would remain in its present location, i.e., on the boundary between the plaintiff and the defendant Hallquist. There is an allegation that six inches of reinforced concrete was added to the north and south walls. The walls, as they existed prior to the storm, were concrete. In its rebuilt condition, the reinforced concrete was to be added in an effort to strengthen the walls which had been severely damaged in the storm. Section 6.2.5(1) of the regulations permits repairs to be made using "similar material placed in CT Page 7097 similar manner." The decision to allow the reinforced concrete to be added can also be sustained on the basis of the "public health, safety or welfare". See § 6.2.5(2) of the Regulations. The testimony of the Zoning Enforcement Officer indicated that in his opinion it was in effect a restoration of the garage which was in existence prior to the storm.
The interior of the building as it now exists covers the exact same area as it did previous to the damage incurred. The setback which is the nonconformity has not been expanded. The roof of the garage as it exists within the setback area was to remain the same.
In conclusion, the court finds the nature and purpose of the original structure remains the same. Its character as a garage continues. There is no greater impact on the neighborhood now than was previously. The structure is substantially the same and substantially similar. Zachs v. Zoning Board of Appeals, 218 Conn. 324,332.
Judgment may enter for the defendants.
The Court
Curran, J.